IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. Rhonda )
Salmeron, Relator, )
 )
        Plaintiff, )
 )
v. ) 05 C 4453
 )
Enterprise Recovery Systems, Inc. )
 )
        Defendant. )

MEMORANDUM ORDER

Enterprise Recovery Systems, Inc. ("Enterprise") has filed its Answer and Affirmative Defenses to the Federal False Claims Act Complaint in this action, coupling that response with its Crossclaim against relator Rhonda Salmeron ("Salmeron"). This memorandum order is issued sua sponte to address some fundamental pleading deficiencies in the Answer.

To begin with, both Answer ¶2 and Answer ¶3 are totally uninformative, violating the concept of notice pleading embodied in the Federal Rules of Civil Procedure ("Rules"). What kind of guess work is required to understand what a pleader intends by denying allegations about a statute or regulation "to the extent that they vary from or contradict the language"? Both of those paragraphs of the Answer are stricken, and Enterprise's counsel are ordered to provide an appropriate responsive answer as called for by the first sentence of Rule 8(b).

In connection with Answer ¶3, Enterprise also says that the regulations "speak for themselves." Again that is an unacceptable

substitute for a direct answer--on that score, see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). That locution should be omitted from new Answer ¶3.

Lastly, both Answer ¶8 and Answer ¶13 fail to track the language required by the second sentence of Rule 8(b) as the predicate for getting the benefit of a deemed denial of a plaintiff's allegations--see App. ¶1 to State Farm, both in that respect and as to the additional (and meaningless) demand for "strict proof," whatever that is. Moreover, if Enterprise can in good conscience disclaim both knowledge and information sufficient to form a belief as to the truth of an allegation, any denial of that allegation would have to be oxymoronic. Both of those paragraphs of the Answer are also stricken, again with leave granted to replace them with acceptable responses.

Enterprise is granted until April 27, 2006 to file an amendment to its Answer curing the flaws identified here, failing which the corresponding allegations of the Complaint will be deemed to have been admitted. Because what has been dealt with here represents lawyerS' errors rather than those of the client, no charge may be made to Enterprise for counsel's time and expenses incurred in that effort.

_____
Miton I. Shadur
Senior United States District Judge

April 14, 2006