IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
RHONDA SALMERON, Relator, )
)
        Plaintiff, )
)
v. ) No. 05 C 4453
)
ENTERPRISE RECOVERY SYSTEMS, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Both relator Rhonda Salmeron ("Salmeron") and defendant Enterprise Recovery Systems, Inc. ("Enterprise") have filed timely responses as called for by this Court's May 1, 2006 memorandum order, which directed them to focus at the outset on Enterprise's Affirmative Defense ("AD") 1 because it might potentially be potentially dispositive of Salmeron's pursuit of this qui tam action. In that respect Enterprise's counsel has noticed up for presentment on May 18 a motion (with supporting memorandum) seeking leave to submit a portion of its filing under seal. Although that motion requires some further input that can be dealt with on the presentment date, the parties' submissions suffice for this Court to address AD 1 in substantive terms--and the issuance of this opinion will facilitate the parties' ability to discuss the future course of the litigation on an informed basis.

As to the merits regarding AD 1, both sides' counsel have understandably identified the Ninth Circuit's decision in <u>United</u>

States ex rel. Green v. Northrop Corp., 59 F.3d 953 (9th Cir. 1995) as the leading case in this area, one that bears a startling resemblance to this action. Having done so, however, Enterprise's counsel proceeds to characterize that opinion as "overly activist and wrongly decided" (Mem. 14-15), perhaps on the predicate that the Court of Appeals that rendered the Green decision has become the favorite whipping boy for the Supreme Court, so that any of its decisions are presumptively suspect.

But anyone who reads the Green opinion in objective terms has to be impressed by the thoughtfulness of its analysis and its restraint in weighing and resolving the competing considerations in this area.[1] And quite apart from the force of the Green analysis, a fair reading of the release that Salmeron signed in settlement of her personal action--one that did not bear on the issues posed by the current qui tam lawsuit--renders extremely dubious any reading of the release form (despite its broadly-stated terms) as extending to the claim at issue here.[2]

---

[1] As chance would have it, this Court has had the opportunity to sit on more than one occasion with the two non-author members of the Green panel in the course of its numerous invited sojourns to the Ninth Circuit, though it has not had the privilege of serving on a panel with the author--Senior Judge Dorothy Nelson. But the latter's reputation as a responsible jurist is impeccable, and the two members with whom this Court has shared the bench have demonstrated their own high quality.

[2] Indeed, in the course of discussing Green and like cases, Enterprise's counsel makes the point that in those cases the releases related to the resolution of claims closely related to the later qui tam actions. What Enterprise's counsel does not

2

In sum, AD 1 is rejected as a predicate for dismissal of this action. On May 18 the parties' counsel will be expected to be prepared to discuss both the subject of under-seal filing and the procedures and possible timing for further pursuit of the qui tam claim.

                                                  /s/ Milton I. Shadur
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: May 17, 2006

---

appear to recognize is that holding such releases ineffective to bar qui tam lawsuits calls a fortiori for a like ruling here, which need not rely solely on public policy considerations.

3