```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.   )
RHONDA SALMERON, Relator,          )
                                   )
              Plaintiff,           )
                                   )
    v.                             )    No.  05 C 4453
                                   )
ENTERPRISE RECOVERY SYSTEMS, INC., )
                                   )
              Defendant.           )
```

<u>MEMORANDUM OPINION AND ORDER</u>

United Student Aid Funds, Inc. ("Funds") has just filed its Answer to the First Amended Complaint ("FAC") brought by qui tam relator Rhonda Salmeron ("Salmeron")against Funds and Enterprise Recovery Systems, Inc.  This brief memorandum order is issued sua sponte to address two problematic aspects of that responsive pleading.

First, whenever Funds' counsel asserts a disclaimer pursuant to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial (see Answer ¶¶6, 9-12, 17, 18, 21, 22, 24-28, 35, 37 and 48), that disclaimer concludes with the phrase "and therefore, denies same."  That is course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)?  Accordingly that quoted phrase is stricken wherever it appears in the

Answer.[1]

Next, two of the affirmative defenses ("ADs") that follow the Answer itself are also problematic (again, as n.1 reflects, this Court has made no effort to be exhaustive as to all the ADs in that respect). Here are the defects this Court has noted:

1. AD 3 asserts that "[s]ome or all of the claims" asserted against Funds in the FAC "are barred by the statute of limitations." That imprecise generalization does not meet the notice pleading requirements that are imposed on defendants as well as plaintiffs in the federal system, as relatively undemanding as those requirements may be. If Funds really has any statute of limitations defense, it must be asserted more specifically and in an appropriately supported manner, failing which any such AD will be deemed to have been forfeited. As it stands now, AD 3 is stricken (albeit with the possibility of its being reasserted in a proper manner).

2. AD 5 essentially sets out the caveat that if any other ADs are hereafter discovered by Funds, it intends to assert them. That of course accomplishes nothing--if and when any such contingency may arise in the future, Funds will then have to advance the proposed new AD or ADs so that

---

[1] This Court has not of course sought to be at all exhaustive in reviewing Funds' Answer. If there are other flaws, it will be for Salmeron's counsel to address them.

2

they may be addressed specifically by this Court.  Hence AD 5 is also stricken.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  December 18, 2006