IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States ex rel.<br>Rhonda Salmeron, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Enterprise Recovery Systems, )<br>et al., )<br>)<br>Defendants. ) | No. 05 C 4453 |

## MEMORANDUM OPINION AND ORDER

For some time this Court has been awaiting the response by counsel for relator Rhonda Salmeron ("Salmeron") to the multiple motions that have been filed seeking dismissal of her qui tam complaint in this False Claims Act case. Now, at the same time that Salmeron's counsel has (once again!) failed to adhere to the scheduled timetable for that response, newly-added defendant Sallie Mae, Inc. ("Sallie Mae") has filed its own motion to dismiss Salmeron's Third Amended Complaint ("TAC"). This memorandum opinion and order is issued sua sponte to deal with one aspect of that motion.

Among the reasons advanced by Sallie Mae for such dismissal is the TAC's asserted failure to comply with the heightened pleading standard set by Fed.R.Civ.P. ("Rule") 9(b). Although this Court expects Salmeron's counsel to respond to most of that contention as set out at Sallie Mae's Mem. 3-5, it rejects the portion of Sallie Mae's argument that decries the TAC's failure

to conform to journalistic standards -- the idea that a plaintiff must allege "the who, what, when, where, and how: the first paragraph of any newspaper story" (a test first articulated in DeiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)) or, put another way, "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" (the locution set out in Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 77, 683 (7th Cir. 1992) and cases following its lead).

With all respect, that type of mandate is well suited to situations in which a plaintiff is alleging one or a few discrete fraudulent statements, but it does not really fit a protracted course of conduct of a fraudulent nature. In the latter situation a fair reading of Rule 9(b) -- of its requirement that "the circumstances constituting fraud" must be stated with particularity[1] -- would allow a plaintiff complaining of such a pattern of fraudulent conduct to describe that pattern as such, without having to provide the chapter-and-verse itemization of individual instances that form the pattern. In that regard the better practice would seem to be to permit the complaint to survive in that form, with the appropriate fleshing out of the

---

[1] Few if any courts seem to pay attention to the actual language of Rule 9(b) -- its use of the term "circumstances" -- in that respect.

details to take place (as in most cases) through discovery.

That said, this Court should not be misunderstood as having given Salmeron a pass in the other respects challenged by Sallie Mae's motion and memorandum. At the early status hearing date that will be set promptly after Salmeron's counsel has responded to the previously-pending motions for dismissal, a timetable will be established for counsel's response to the Sallie Mae motion.

_____
   Milton I. Shadur
   Senior United States District Judge

May 9, 2008