IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
RHONDA SALMERON, Relator,        )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 05 C 4453
                                 )
ENTERPRISE RECOVERY SYSTEMS, INC.,)
et al.,                          )
                                 )
            Defendants.          )

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's August 18, 2008 memorandum opinion and order ("Opinion") dismissed this action for the reasons expressed at length in that 23-page Opinion. But some further reflection on one important--and special--aspect of the case suggests that its brief mention at the very end (Opinion at 22-23) runs the risk of being lost in the Opinion's welter of detail. Hence this supplement is being issued to expand on that special aspect with some further (and, it is hoped, useful) exposition.

It is of course obvious (cf., e.g., Dotson v. Bravo, 321 F.3d 663, 669 (7th Cir. 2003)) that one consideration influencing courts' ordinary caution in imposing the ultimate sanction of dismissal as the result of a plaintiff's wrongdoing is the concomitant result that a possible wrongdoer defendant[1] may

---

[1] "Wrongdoer" is used here in the generic sense, as denoting a party defendant whose charged conduct may give rise to civil liability to a party plaintiff--usually by being ordered to pay damages.

escape having to pay the price for that wrongdoing.  But it should be remembered here that this is a qui tam action in which the United States is the real party in interest and Rhonda Salmeron ("Salmeron") has been active in the fray as a relator who seeks to share in the recovery if defendants are indeed wrongdoers vis-a-vis the United States.  That point is well underscored not only by the going-in provision of 31 U.S.C. §3730(c)(3), under which a relator has the right to conduct a False Claims Act lawsuit only if the government so permits, but also by the provision of 31 U.S.C. §3730(b)(1)--actually brought into play as to United Student Aid Funds at the very same time that the motion for sanctions against Salmeron was being considered by this Court--under which the dismissal of a defendant is permitted "only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."

In summary, then, if one or more of the remaining defendants is or are indeed guilty of violating the False Claims Act, the dismissal that has been ordered by the Opinion does not mean that it or they automatically go scot free.  It remains possible for the United States itself, by appropriate action, to re-enter the battle to pursue its rights even though standard bearer Salmeron has been shot down.  And that in turn has confirmed this Court's proper emphasis on the misdeeds of Salmeron's counsel (and

2

possibly Salmeron herself) as justifying their being deprived of the statutory whistleblower privilege of sharing in the proceeds of any recovery.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2008